**RECEIVED**
IN LAKE CHARLES, LA.

JAN 17 2012

TONY R. MOORE, CLERK
BY_____
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION


BILL MARTIN                    :      DOCKET NO. 2:11 CV 1413

VS.                            :      JUDGE MINALDI

TESORO CORPORATION, ET AL.     :      MAGISTRATE JUDGE KAY


## MEMORANDUM RULING

Before the court is a Motion for a More Definite Statement and Motion to Dismiss under Federal Rule of Civil Procedure 12(b) [Doc. 13], filed by the defendant, BP America Production Company ("BP"). The plaintiff, Bill Martin, filed an Opposition [Doc. 39], and BP filed a Reply [Doc. 43].

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Martin owns a tract of land in Cameron Parish, Louisiana (the "Property").[1] On June 28, 2011, he filed this lawsuit in the 38th Judicial District Court for Cameron Parish against six oil and gas defendants who, according to Mr. Martin, conducted, directed, controlled, or participated in various oil and gas exploration and production activities on the Property.[2] His complaint alleges that, in connection with these activities, the defendants caused the Property to

---

[1] First Am. Compl. ¶ 1 [Doc. 50].

[2] Notice of Removal Ex. 1, State Court Petition [Doc. 1-3]; *Id.* ¶ 9.

1

become contaminated with toxic materials and other oilfield wastes.[3]  He seeks damages and an

order compelling the defendants to remediate the Property.[4]

On July 29, 2011, the defendants removed the suit to this court on the basis of diversity

of citizenship.[5] BP then filed the present motion for a more definite statement under Federal Rule

of Civil Procedure 12(e) and Motion to Dismiss under Federal Rule of Civil Procedure 12(b).  It

argues that the allegations contained in Mr. Martin's state court petition are so vague and

ambiguous that it is unable to prepare a responsive pleading.[6]   Additionally, it asserts that the

petition should be dismissed (1) for lack of subject matter jurisdiction under Fed. R. Civ. P.

12(b)(1), (2) for failure to state a claim upon which relief may be granted under Fed. R. Civ. P.

12(b)(6), and (3) for failure to join necessary parties under Fed. R. Civ. P.12(b)(7).[7]  Finally, BP

requests that the court sever Mr. Martin's claims against the various defendants under Fed. R.

Civ. P. 21.[8]

Before the court  could rule on this motion, Mr. Martin filed his First Amended

Complaint [Doc. 50].  The present Motion for a More Definite Statement is therefore moot.  The

court notes that BP has filed a second Rule 12(e) Motion for a More Definite Statement [Doc.

54], reurging the arguments presented in the present motion and arguing that the amendment

---

[3] First Am. Compl.  ¶ 2.

[4] *Id.* ¶ 51.

[5] Notice of Removal [Doc. 1].

[6] BP's Mot. for a More Definite Statement and  Rule 12(b) Mots. 1-4.

[7] *Id.* at 5-7.

[8] *Id.* at 6.

failed to cure the asserted deficiencies.  Because the briefing deadlines for that motion have not yet expired, the court will defer consideration of it until a later date.

### RULE 12(b)(1) STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the court.  Fed. R. Civ. P. 12(b)(1).  The court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

On a Rule 12(b)(1) motion, the court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson*, 645 F.2d at 413).  "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### RULE 12(b)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. l2(b)(6). When ruling on a l2(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell AIL*

*Corp. v. Twombly,* 127 5. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 1 2(b)(6)

motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face."

*Id.* at 1974. "Factual allegations must be enough to raise a right to relief above the speculative

level.. .on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)..." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Id.*

## ANALYSIS

### I.      Prematurity

BP asserts two grounds for dismissal under either Rule 12(b)(1) or 12(b)(6).  It first

argues that Mr. Martin's claims are premature because he failed to make an amicable demand

prior to filing suit.  It bases its argument on articles 136 and 137 of the Louisiana Mineral Code.[9]

Article 136 provides:

> If a mineral lessor seeks relief from his lessee arising from drainage of the
> property leased or from any other claim that the lessee has failed to develop and
> operate the property leased as a prudent operator, he must give his lessee written
> notice of the asserted breach to perform and allow a reasonable time for
> performance by the lessee as a prerequisite to a judicial demand for damages . . . .
> La. Rev. Stat. Ann. § 31:136 (2011).

The Louisiana Supreme Court has held, however, that article 136 applies only to claims

that a mineral lessee failed to "search, produce, or market oil" under the lease.  *Broussard v.*

*Hilcorp Energy Company,* 09-0449, p. 13 (La. 10/20/09); 24 So. 3d 813, 820. It does not apply to

claims, such as those asserted in this lawsuit, that a lessee failed to properly remediate the leased

property.  *Id.*  Article 136 thus does not apply to this case.

---

[9] BP's Mem. in Supp. of BP's Mot. for a More Definite Statement and 12(b) Mots. 7-8; BP's
Reply to Pl.'s Mem. in Opp. to BP's Mot. for a More Definite Statement and 12(b) Mots. 6.

Article 137 is likewise inapplicable.  It provides that a property owner must give a mineral lessee written notice before making a judicial demand for damages arising out of the lessee's failure to make a timely payment of royalties.  La. Rev. Stat. § 31:137 (2011).  Mr. Martin makes no allegation that BP or any other defendant in this case failed to pay royalties. BP has therefore failed to show that the Mineral Code required him to make an amicable demand prior to filing this lawsuit.

BP next argues that, to the extent that Mr. Martin's claims arise out of mineral leases that have not yet expired, his claims are premature.[10]  In support of its argument, BP cites *dicta* from *Corbello v. Iowa Prod.*, 02-0826, p. 22 (La. 02/25/03); 850 So. 3d 686, 703, in which the Louisiana Supreme Court stated that "[t]he duty to repair the leased premises does not arise until the lease expires, at which time the lessee must return the property in good order."[11]

Squarely addressing the issue in a more recent decision, however, the Louisiana Supreme Court held that a property owner "need not wait until the end of the lease to sue a lessee for damage to his property."  *Marin v. Exxon Mobil Corp.*, 09-2368 (La. 10/19/10), pp. 31-35; 48 So. 3d 234, 255-56.  Specifically, the Court held that although a mineral lessee's obligation under Louisiana Civil Code article 2683 to return the leased property to the lessor in its original condition, reasonable wear and tear excepted, does not arise until the expiration of the lease, a property owner may enforce other provisions of the Civil Code making lessees liable for damages caused by their negligent or excessive use of the leased property while the lease

---

[10] Mem. in Supp. of BP's Mot. for a More Definite Statement and 12(b) Mots. 7.

[11] *See* BP's Reply to Pl.'s Mem. in Opp. to  BP's Mot. for a More Definite Statement and 12(b) Mots. 6.

remains active. *Id.* Accordingly, it upheld the trial court's award of damages for the defendant's failure to remediate the plaintiff's property under an active mineral lease. *Id.; see also Broussard v. Hilcorp. Energy Co.*, 08-233 (La.App. 3 Cir. 12/11/08); 998 So. 2d 946 (claims arising from breach of the lessee's implied duty under article 122 of the Mineral Code to remediate contamination caused by the lessee's unreasonable or excessive exercise of his rights under the lease may be raised before the completion of operations).

Mr. Martin's amended complaint alleges that the defendants "negligently or excessively used the property at issue during their operations."[12] Therefore, his action is not premature, even to the extent that it calls for the remediation of property still subject to mineral leases.

## II.    Failure to Join Necessary Parties

BP next argues that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(7), which allows dismissal of a suit for failure to join a required party under Federal Rule of Civil Procedure 19.[13] Rule 19(a) provides, in pertinent part, that a person must be joined as a party where "that person claims an interest in the subject matter of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations ." A party seeking dismissal under Rule 12(b)(7) bears the burden of showing "the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir.1994).

---

[12] First Am. Compl. ¶ 35.

[13] BP's Mot. for a More Definite Statement and 12(b) Mots. 6-7.

BP asserts that due to the vagueness of the factual allegations in the Petition, it cannot discern whether all parties who will be directly affected by a judgment herein have been joined.[14] Specifically, it argues that Mr. Martin may have failed to join co-owners in the Property whose interests would be directly affected by the outcome of this litigation.[15] Mr. Martin alleges in his First Amended Complaint, however, that he "exclusively owns the property" subject to this suit.[16] BP has provided no evidence contradicting this allegation. In passing on a motion to dismiss, the court must accept non-conclusory allegations in the complaint to be true unless they are shown by the defendant to be false. *See Bowdoin v. Malone,* 287 F.2d 282, 286 (5th Cir. 1961); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil* § 1363 (3d Ed. 2011). Accordingly, BP's Motion to Dismiss for failure to join a necessary party under Fed. R. Civ. P. 12(b)(7) will be denied.

## III.   Misjoinder

Finally, BP moves to sever Mr. Martin's claims against each of the defendants into separate lawsuits. Rule 20(a) of the Federal Rules of Civil Procedure governs the joinder of defendants into one lawsuit. It provides, in pertinent part, that defendants may be joined into one action if (1) the plaintiff either asserts a right to relief against them jointly or asserts claims against them arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) at least one common question of law or fact common links the plaintiffs' claims. Actions occur in the same series of transactions or occurrences if there is some

---

[14] Mem. in Supp. of BP's Mot. for a More Definite Statement and 12(b) Mots.10.

[15] *Id.*

[16] First Am. Compl. ¶ 3.

7

connection or logical relationship between them. *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex.1993).

BP argues that the joinder of the defendants in this case is improper because their alleged actions did not arise out of the same transaction, occurrence, or series of occurrences. In particular, it points out that each of the defendants conducted separate and unrelated operations on different parts of the Property, so that no "community of interest" exists among them.[17]  Mr. Martin responds by arguing that the defendants' conduct did arise out of the same series of transactions because the defendants conducted similar operations on or around Mr. Martin's property.[18]  Additionally, Mr. Martin argues that because the nature of the environmental contamination is such that it will be impossible to segregate and quantify the separate damage caused by each defendant, the defendants will be jointly bound for the cost of restoring the Property.[19]

The court concludes that Mr. Martin properly joined the defendants in this lawsuit. His amended complaint alleges contamination of a specific piece of property over a fixed period of time.  His claims therefore arise out of the same series of occurrences -- the alleged disposal of hazardous materials onto the Property over time.  *See Gaspard One, L.L.C. v. BP Am. Prod. Co.*, No. 07-1551, 2008 U.S. Dist. LEXIS 26150 at *9-*12 (W.D. La. Mar. 31, 2008) (holding that oilfield contamination claims against multiple operators arose out of the same series of transactions or occurrences because the claims related to a single piece of property); *Brownell*

---

[17] Mem. in Supp. of BP's Mot. for More Definite Statement and 12(b) Mots. 8 [Doc. 13-1].

[18] Pl.'s Opp. to BP's Mot. to Dismiss and Mot. for a More Definite Statement 11.

[19] *Id.*

8

*Land Co. LLC. V. Ranger Oil Co.*, No. 05-142, 2006 U.S. Dist. LEXIS 3903 at *9-10 (E.D. La. Feb. 1, 2006) (same).  Moreover, Mr. Martin's claims present common questions of law and fact, including the nature and extent of the damages and the extent to which each of the defendants will be liable to remediate them. Accordingly, BP's motion to sever will be denied.

### <u>CONCLUSION</u>

For the foregoing reasons, BP's Motion for a More Definite Statement will be denied as moot, and its 12(b) Motions to Dismiss will be denied.

Lake Charles, Louisiana, this __3__ day of _____ 2012

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE