RECEIVED
IN LAKE CHARLES, LA.
MAY 21 2012
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BILL MARTIN | : | DOCKET NO. 2:11 CV 1413 |
| VS. | : | JUDGE MINALDI |
| KOCH INDUSTRIES, INC., ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is a Motion for Leave to Conduct Additional Discovery and to Continue the Court's Ruling on the Defendant's Motion to Dismiss [Doc. 76], filed by the plaintiff, Bill Martin. The motion is opposed by the defendant, Tesoro Crude Oil Company [Doc. 79].

In its Motion to Dismiss [Doc. 67], Tesoro Crude Oil Company argues that Mr. Martin's claims against it have abated because Tesoro Crude Oil Company has dissolved, and Mr. Martin failed to file his claim against it within the company's three-year corporate survival period. Mr. Martin requests an additional seventy-five days to respond to the motion in order to allow him to conduct additional discovery to determine whether Tesoro Crude Oil Company has in fact dissolved and, if so, which successor entity is the appropriate party.

In response, Mr. Parrish asserts that Tesoro Crude Oil Corporation's Certificate of Dissolution, which it attached to its Motion to Dismiss, constitutes conclusive evidence that the corporation has dissolved. Additionally, he argues that whether Mr. Martin might be able to bring an action against a successor entity is irrelevant to the question of whether his claim against Tesoro Crude Oil Corporation should be dismissed.

The court agrees that Mr. Martin has failed to demonstrate how the disposition of Tesoro Crude Oil Corporation's former assets is pertinent to his motion. The capacity of a corporation

1

to sue or be sued is determined by the law under which it was organized. Fed. Civ. P. 17(b). Tesoro Crude Oil Company was a Delaware corporation, which filed a Certificate of Dissolution on October 5, 2006.[1] 8 Del. C. § 275(f) provides that a corporation is dissolved as soon as its Certificate of Dissolution becomes effective. Mr. Martin has not suggested that there is any reason to question the validity of Tesoro Crude Oil Company's Certificate of Dissolution.

Under Delaware law, suits must be brought against dissolved corporations within three years of the date of dissolution "or for such longer period as the Court of Chancery shall in its discretion direct." 8 Del. C. § 278 (2012). Any suit brought outside the corporation's survival period must be dismissed for lack of capacity. *See Eicher v. Dover Industries*, No. 08-243, 2009 U.S. Dist. LEXIS 26255 (W.D. Penn. Mar. 26, 2009). The disposition of Tesoro Crude Oil Company's former assets is therefore irrelevant to whether or not it should be dismissed as a defendant. The identity of the company's successor entities, if any exist, may be determined without Tesoro Crude Oil Corporation remaining as a defendant. *See id.*

Mr. Martin correctly points out, however, that under 8 Del. C. § 278(f), the Court of Chancery may extend the three-year period during which a dissolved corporation retains the capacity to be sued. In an abundance of caution, the court will grant Mr. Martin 30 days in which to inquire whether such an extension has been granted. *See Johnson v. RAC Corp.*, 491 F.2d 510, 514 (4th Cir. 1979) (holding that district court should have allowed the plaintiff to inquire into whether the defendant's corporate survival period had been extended by the Court of Chancery before granting the defendant's Motion to Dismiss). Accordingly, it is

ORDERED that Mr. Martin's Motion to Continue the Ruling on the Motion to Dismiss is GRANTED.

---

[1] Def.'s Mem. in Opp. to Pl.'s Mot. to Continue Ruling on Mot. to Dismiss Ex. A [Doc. 79-1].

IT IS FURTHER ORDERED that Mr. Martin's Response to the Motion to Dismiss will be due thirty days from the docketing of this order.

Lake Charles, Louisiana, this 21 day of May 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE