RECEIVED
IN LAKE CHARLES, LA.

MAY 21 2012

TONY R. MOORE, CLERK
BY_____PAP_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BILL MARTIN | : | DOCKET NO. 2:11 CV 1413 |
| VS. | : | JUDGE MINALDI |
| TESORO CORPORATION, ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court are a Rule 12(b)(6) Motion to Dismiss and a Rule 12(e) Motion for a More Definite Statement [Doc. 51], filed by the defendant, Koch Industries, Inc. ("Koch"). The plaintiff, Bill Martin, filed an Opposition [Doc. 60], and Koch filed a Reply [Doc. 63]. Also before the court are a Motion to Dismiss and a Motion for a More Definite Statement [Doc. 56], filed by the defendant, Tesoro Corporation ("Tesoro"). Mr. Martin opposes both motions [Doc. 62].

### BACKGROUND

Mr. Martin owns a tract of land in Cameron Parish, Louisiana (the "Property").[1] On June 28, 2011, he filed this lawsuit in the 38th Judicial District Court for Cameron Parish against six oil and gas defendants who allegedly conducted oil and gas exploration and production activities on the Property between 1941 and 1995.[2] His complaint alleges that, in connection with these activities, the defendants caused the Property to become contaminated with toxic materials and

---

[1] First Am. Compl. ¶ 1 [Doc. 50].

[2] Notice of Removal Ex. 1, State Court Petition [Doc. 1-3]; *Id.* ¶ 9.

1

other oilfield wastes.[3] He seeks damages and an order compelling the defendants to remediate the Property.[4]

On July 29, 2011, the defendants removed the suit to this court on the basis of diversity of citizenship.[5] Thereafter, Koch and Tesoro each filed Motions for a More Definite Statement [Doc. 21 and 22, respectively]. Before the court could rule on those motions, Mr. Martin amended his complaint [Doc. 50]. Koch and Tesoro then filed the present motions, arguing that the amendment failed to cure the asserted deficiencies. In particular, they complain that Mr. Martin's Amended Complaint (1) is an improper "shotgun" pleading, (2) is impermissibly vague and ambiguous as to the time of the alleged wrongful acts, and (3) improperly relies upon over 160 pages of attachments. Additionally, they argue that Mr. Martin has failed to plead his allegations of fraud with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, they argue that his claims should be dismissed under Rule 12(b)(6). Alternatively, Koch and Tesoro request that the court order Mr. Martin to provide a more definite statement of his claims under Rule 12(e).

## STANDARDS

### I. Rule 12(b)(6)

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a motion to dismiss for failure to state a claim and challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most

---

[3] First Am. Compl. ¶ 2.

[4] *Id.* ¶ 51.

[5] Notice of Removal [Doc. 1].

favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).

"A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## II.     Rule 12(e)

While "[a] motion to dismiss under Rule 12(b)(6) attacks a pleading for failing to allege a cognizable legal theory eligible for some type of relief, a Rule 12(e) motion for more definite statements attacks pleadings that do, in fact, state cognizable legal claims" but that fail to state them with sufficient particularity. Baicker-McKee et al., *Federal Civil Rules Handbook* 395-96 (2008 ed.). A court should grant a Rule 12(e) motion only when "a pleading is so vague or ambiguous that a responsive pleading cannot be prepared." *Id.* at 395. In view of the great liberality of the pleading standards set forth in Federal Rule of Civil Procedure 8, Rule 12(e) motions are generally disfavored. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). The Fifth Circuit has held that Rule 12(e) should not be used to frustrate the policy of Rule 8 by "lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Id.*

## LAW AND ANALYSIS

### I. Motions for a More Definite Statement

Mr. Martin's Amended Complaint is sufficient to satisfy the standards of Rule 8. Mr. Martin specifically alleges that Koch and Tesoro conducted, directed, controlled, or participated in oil and gas exploration and production activities on his property.[6] He further alleges that during their operations, the defendants created spills and leaks which contaminated the property with toxic materials and other oilfield waste.[7] The Amended Complaint sets forth several theories of liability, including negligence, breach of contract, private nuisance, trespass, and strict liability, and it specifically identifies the relief Mr. Martin seeks.[8] It is therefore sufficient to provide the defendants with adequate notice of the claims against them and their factual basis.

Contrary to the defendants' assertions, the Amended Complaint is not an example of impermissible "shotgun pleading." Koch and Tesoro each argue that the Amended Complaint constitutes improper "shotgun pleading" because it "groups all defendants into a class and alleges that all defendants engaged in every alleged wrongful act listed in the complaint."[9] The Amended Complaint, however, bears little resemblance to the type of complaint typically condemned as "shotgun pleading." A shotgun pleading is one that sets forth an excessive number or facts and then asserts in a conclusory fashion that each of those facts supports a number of legal claims, with the result that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are

---

[6] First Am. Compl. ¶ 10.

[7] *Id.*

[8] *Id.* ¶¶ 20-41, 51.

[9] Mem. in Supp. of Koch's Rule 12(b)(6) Mot. to Dismiss and Rule 12(e) Mot. for a More Definite Statement 5 [Doc. 51-1].

4

buried beneath innumerable pages of rambling irrelevancies." *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

In cases where "geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of," a complaint that references all defendants collectively constitutes an improper "shotgun pleading" because it is impossible for the court and the parties to determine which defendant is alleged to have engaged in which acts. *Id.* at 1284. This is not such a case. Each of the defendants in this case is alleged to have conducted similar oil and gas operations on Mr. Martin's property. It is therefore conceivable that all of the defendants engaged in each of the acts of misconduct set forth in the Amended Complaint, and the complaint clearly alleges that they did. Because the Amended Complaint describes the alleged misconduct in a sufficiently simple manner to notify the defendants of Mr. Martin's claims against them, the Amended Complaint is not an improper "shotgun pleading."

Moreover, the Amended Complaint sufficiently sets forth the timing of the defendants' actions. Mr. Martin attached to his Amended Complaint a number of lease and assignment agreements showing when Koch and Tesoro held interest in Mr. Martin's property. Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Koch and Tesoro should possess additional information concerning when they conducted operations on Mr. Martin's property. A motion for a more definite statement should be denied "when the movant simply seeks particularization of facts already known to it." *Coleman v. H.C. Price Co.*, No. 11-2937, 2012 U.S. Dist. LEXIS 46754 (E.D. La. Apr. 2, 2012) (quoting Moore's Federal Practice, § 12.36[3] (3d ed.)); *see also Brasel v. Weyerhaeuser Co.*, No. 07-4037, 2008 U.S. Dist. LEXIS 19281 (W.D. Ark. Mar. 12, 2008) (denying a motion for more definite statement because the sought-after information,

including the dates of alleged exposures, could be determined through discovery and was available to the defendant). Accordingly, the motion for a more definite statement will be denied.

## II. Motion to Dismiss Fraud Claims

Koch and Tesoro additionally assert that Mr. Martin has failed to plead his allegations of fraud with the particularity required under Rule 9(b). Rule 9(b) requires that a plaintiff specifically set forth the "who, what, where, and how" of the alleged fraud. *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003). In cases alleging a fraudulent omission of facts, Rule 9(b) requires the plaintiff to plead the type of facts omitted, the place in which the omissions should have appeared, and how the omitted facts made the misrepresentation misleading. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).

Mr. Martin has alleged that the defendants "engaged in acts that have effectively prevented Plaintiff from availing himself of the causes of action alleged herein . . . [including] concealment, fraud, and misrepresentation."[10] The Amended Complaint further specifies that the fraud and misrepresentation consisted of actively burying or concealing pollution, failing to inform Mr. Martin of the presence of the contamination and its hazardous nature, and failing to inform Mr. Martin that the defendants' practices violated state regulations.[11]

Koch and Tesoro argue that "Mr. Martin has not stated with particularity who committed the fraudulent acts, nor has he stated a place where fraud occurred."[12] In response, Mr. Martin

---

[10] First Am. Compl. ¶¶ 16, 19.

[11] *Id.* ¶ 19.

[12] Mem. in Supp. of Koch's Mot. to Dismiss and Mot. for More Definite Statement 3.

6

asserts that he has not asserted a cause of action based on fraud.[13] Rather, his allegations of fraud are offered to overcome a potential defense of prescription.[14] Rule 9(b), however, applies to all averments of fraud, whether they are part of a cause of action for fraud or not. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); 5A Charles Allen Wright, Arthur R. Miller, Mary Kay Kanel, & Richard L. Marcus, Fed. Prac. & Proc. Civ. § 1297 (3d ed.). Accordingly, federal courts have consistently applied Rule 9(b)'s heightened pleading standards to allegations that a plaintiff's claims have not prescribed because a defendant fraudulently concealed its wrongful acts. *See, e.g. Chenevert v. Redemptorists*, No. 09-473, 2010 U.S. Dist. LEXIS 38960 (M.D. La. Apr. 20, 2010).

Mr. Martin has not pleaded concealment, misrepresentation, or fraud with sufficient particularity under Rule 9(b). Rule 9(b) requires plaintiffs to distinguish among each defendant they sue and set forth each defendant's responsibility for the allegedly fraudulent activities. *See In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832, 857 (N.D. Tex. 2005); *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) (citing *Zuckerman v. Foxmeyer Health Corp.*, 4 F. Supp. 2d 618, 622 (N.D. Tex. 1998) ("[T]he plaintiff is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud.")). Mr. Martin generally alleges that the "defendants" prevented him from availing himself of

---

[13] Mem. in Opp. to Koch's Mot. to Dismiss and Mot. for More Definite Statement 3 [Doc. 60]. Louisiana law suspends the running of prescription under the doctrine of **contra non valentem non currit praescription** where the defendant has prevented the plaintiff from availing himself of judicial remedies. *Carter v. Haygood*, 892 So. 2d 1261, pp. 11-12 (La. 1/19/05); 892 So. 2d 1261, 1268. This form of *contra non valentem* applies "only when, (1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud, or ill practice; (2) the defendant's actions effectually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff [was] reasonable in his or her inaction." *Marin v. Exxon Mobil Corp.*, 2009-2368, p. 24 (La. 10/19/10) ; 48 So. 3d 234, 252 (internal citations omitted).

[14] *Id.*

judicial remedies but does not specify which defendant committed any of the fraudulent acts alleged. Moreover, he fails to allege when or how any defendant buried or actively concealed pollution. Finally, Mr. Martin does not allege the source of the defendants' duty to inform him of the alleged contamination on his property, why the defendants' failure to inform him of the contamination was misleading, or how the defendants "effectually prevented" him from bringing this lawsuit. His allegations concerning fraud are therefore deficient under Rule 9(b) and will be dismissed without prejudice to replead within 20 days. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("a plaintiff's failure to meet the specific pleading requirements [of Rule 9(b)] should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing.").

## CONCLUSION

For the reasons stated herein, Koch and Tesoro's Motions to Dismiss and Motions for More Definite Statement will be granted in part and denied in part. The motions will be granted insofar as they relate to Mr. Martin's allegations of fraud but otherwise denied. Mr. Martin will be granted leave to replead his allegations of fraud within 20 days from the date of this ruling.

Lake Charles, Louisiana, this 21 day of May 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE