UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BILL MARTIN | : | DOCKET NO. 11-cv-1413 |
| VERSUS | : | JUDGE MINALDI |
| KOCH INDUSSTRIES, INC., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Quash Deposition Notice[1] or in the alternative a Motion for Protective Order [doc. 95] filed by defendant, Tesoro Corporation.  For the following reasons, the Motion for a Protective Order is GRANTED.

On January 19, 2012, Tesoro Crude Oil Company ("Tesoro") through one of its former officers filed a Motion to Dismiss under FED. R. CIV. PRO. 12(b)(5) and 12 (b)(6) asserting that plaintiff's claims against it have abated because Tesoro has dissolved and plaintiff failed to file his claim within the company's three year corporate survival period.  Doc. 67.  Plaintiff, in response to the motion to dismiss, requested that the court continue the hearing on the motion and allow him leave to conduct discovery to determine whether Tesoro had if fact dissolved and, if so, which successor is the appropriate party.  Doc. 76.

On May 21, 2012, the Honorable Patricia Minaldi issued a Memorandum Order wherein she determined that under Delaware law, the law under which the Tesoro corporation was organized, "suits must be brought within three years of the date of dissolution 'or for such longer period as the Court of Chancery shall in its discretion direct.'"  Doc. 88, p. 2 (citing 8 Del.C. § 278 (2012)).  The Court, noting that the Court of Chancery may extend the three year period, granted plaintiff's motion to continue the hearing on the motion to dismiss and granted plaintiff

---

[1] On June 18, 2012 by electronic order the Motion to Quash Deposition Notice was rendered moot because the deposition did not take place.  Doc. 100.

"30 days in which to inquire whether such an extension has been granted." Doc. 88, p. 2.

Following this Order plaintiff requested a FED. R. CIV. PRO 30(b)(6) corporate deposition of Tesoro. Tesoro filed the present Motion to Quash/Motion for Protective Order seeking relief from plaintiff's Notice of Intention to take Deposition of Corporate Representative. In its motion Tesoro alleges that the deposition notice is premature, lacks reasonable notice, and that the subject matter of the deposition is irrelevant and exceeds the inquiry allowed in the Court's May 21, 2012, Memorandum Order.

In response to Tesoro's motion plaintiff proposed to narrow the list of deposition topics; however, Tesoro maintains that the amended deposition topics remain broad and outside the scope of the Court's Memorandum Order. Plaintiff argues that the list of limited topics is relevant and necessary in order to respond to the motion to dismiss. Plaintiff's amended list of topics includes:

1. Circumstances surrounding the alleged dissolution of Tesoro Crude Oil Company;
2. When Tesoro Crude Oil Company ceased conducting business;
3. The transfer/disposal of assets and liabilities of Tesoro Crude Oil Company;
4. Disbursement of stock leading up to dissolution;
5. Shared directors and officers of Tesoro Crude Oil Company and Tesoro Corporation;
6. Shares policies and business practices of Tesoro Crude Oil Company and Tesoro Corporation;
7. Ongoing Tesoro Crude Oil Company operations within 5 years of their alleged dissolution;
8. The continued operations and operators of Tesoro Crude Oil Company's former projects before and after their dissolution;
9. Liquidation of Tesoro Crude Oil Company assets prior to dissolution;
10. Tesoro Crude Oil Company business dealings during the dissolution process;
11. Tesoro Crude Oil Company business dealings following dissolution;
12. Forfeiture of Corporate charter for Tesoro Crude Oil Company;
13. Tesoro Crude Oil Company's involvement in the injuries alleged by Plaintiff;
14. Tesoro Crude Oil Company's knowledge of the injuries sustained by

    Plaintiff prior to dissolution;
15. Tesoro Crude Oil Company's existence of books and records;
16. Tesoro Crude Oil Company existing debts before and after dissolution;
17. Indemnity agreements involving the transfer of Tesoro Crude Oil Company's assets;
18. Compliance with all withdrawal/dissolution requirements;
19. All information and affidavits used in support of Tesoro Crude Oil Company's motion to dismiss.

See Doc. 102, att. 2, p. 2.

  This court, after reviewing plaintiff's amended list of deposition topics, concludes that the intended inquiries are clearly beyond the scope of the Order issued by Judge Minaldi on May 21, 2012. It appears that plaintiff is attempting to use Judge Minaldi's very limited leave to conduct discovery in order to defeat the motion to dismiss. As stated by Judge Minaldi, "[t]he disposition of Tesoro Crude Oil Company's former assets is …irrelevant to whether or not it should be dismissed as a defendant. The identities of the company's successor entities, if any exist, may be determined without Tesoro Crude Oil Corporation remaining as a defendant." Doc. 88, p. 2. The list of proposed topics submitted by plaintiff goes well beyond the corporate-extension inquiry authorized by Judge Minaldi. Accordingly, it is

  ORDERED that Tesoro's motion for a protective order is GRANTED and plaintiff is instructed that any deposition taken of Tesoro or its representative be limited to inquiries concerning whether or not the Delaware Court of Chancery extended the three year period during which a dissolved corporation retains its capacity to be sued.

  THUS DONE AND SIGNED in Chambers this 12th day of December, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE