UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BILL MARTIN | * | CIVIL ACTION NO. 11-1413 |
| VERSUS | * | JUDGE PATRICIA MINALDI |
| KOCH INDUSTRIES, INC., ET AL | * | MAG. JUDGE KATHLEEN KAY |

*************************************************************************

## MEMORANDUM IN SUPPPORT OF JOINT MOTION TO APPROVE SETTLEMENT PURSUANT TO LA. R.S. 30:29.J AND FOR FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b) DISMISSING WITH PREJUDICE PLAINTIFFS' CLAIMS AGAINST DEFENDANTS KOCH, TESORO, AND CONOCOPHILLIPS

MAY IT PLEASE THE COURT:

This is an action by Bill Martin, Plaintiff, against four defendants for damages allegedly caused by oil and gas activities to certain property owned by Plaintiff in Cameron Parish. The defendants deny liability to Plaintiff.

The defendants who are parties to the Settlement are: (1) Koch Industries, Inc., in its individual capacity and as successor in interest to Koch Oil Company, (2) Tesoro Corporation, in its individual capacity and on behalf of its former, dissolved and defunct subsidiary, Tesoro Crude Oil Company, and (3) ConocoPhillips Pipe Line Company, in its individual capacity and as successor to Conoco Pipe Line Company and Continental Pipe Line Company (hereinafter referred to collectively as "Settling Defendants").

The terms of the Settlement are confidential but include terms dealing with the property condition. Particularly, the property was previously assessed and remediated as set forth in the Corrective Action Completion Report submitted by Arcadis G&M, Inc. to the Louisiana

Department of Environmental Quality on July 11, 2005. The LDEQ issued a No Further Action letter on March 2, 2006. Plaintiff acknowledges and concurs in these prior actions.

This lawsuit is subject to the provisions of La. R.S. 30:29, also known as Act 312. Plaintiff and the Settling Defendants have resolved their differences and have reached a settlement ("Settlement"). No finding has been made in this lawsuit that any defendant herein is a responsible party within the meaning of La. R.S. 30:29 or that environmental damage exists on any portion of property at issue in the referenced case.

Pursuant to La. R.S. 30:29(J)(1), the Plaintiff and the Settling Defendants provided notice of the Settlement to the Louisiana Department of Natural Resources ("LDNR"), the Commissioner of Conservation, and the Attorney General for the State of Louisiana by letter dated July 2, 2013. A copy that letter is attached as Exhibit A.[1]

The Commissioner of Conservation responded with a letter, dated July 20, 2013, in which the Office of Conservation stated that it "does not object to the settlement between the Plaintiffs and Settling Defendants." The "No Objection Letter" is attached as Exhibit B. A copy of that letter was also sent by the Office of Conservation to the Attorney General's Office. No further response has been received from either the Attorney General's Office or the Louisiana Department of Natural Resources, and the delays for a response to the Settlement under La. R.S. 30:29.J.1 have lapsed.

The Settlement is not dispositive of the entire litigation inasmuch as Plaintiff has asserted claims against another defendant, namely BP America, Inc. However, all claims of Plaintiff against the Settling Defendants are final and dispositive between the settling parties, and the Settlement effectively terminates this litigation between them. Plaintiff and the Settling

---

[1] A copy of the redacted confidential settlement agreement has not been attached to this Exhibit. The parties request that a copy be submitted *in camera* to the Court, if the Court requests a copy.

Defendants therefore submit that there is no just reason for delay and this Court should enter a final judgment under Federal Rules of Civil Procedure 54(b) dismissing with prejudice the Plaintiff's claims against the Settling Defendants.

In sum, Plaintiff and the Settling Defendants request approval of the settlement and entry of a final judgment dismissing Plaintiff's claims against the Settling Defendants with prejudice, expressly reserving all of Plaintiff's claims as to the remaining defendant. Plaintiff and the Settling Defendants further assert there is no reason under La. R.S. 30:29.J.1 for a contradictory hearing and specifically waive their appearances as such. If a contradictory hearing is necessary, the parties request that it be set without delay so that the settlement can be approved without delay.

Respectfully submitted,

/s/ *Michael A. Josephson*
Jonathan Fontenot (Bar # 25390)
LAW OFFICES OF JONATHAN FONTENOT
Post Office Box 4407
Lake Charles, Louisiana 70606
Telephone: (337) 802-5374
Facsimile: (337) 564-4371

Kenneth T. Fibich
State Bar No. 06952600
Michael A. Josephson
State Bar No. 24014780
Ann Trantham, Bar Role # 30972
FIBICH, HAMPTON, LEEBRON,
BRIGGS & JOSEPHSON, L.L.P.
1150 Bissonnet
Houston, Texas 77005
713-751-0025 (Telephone)
713-751-0030 (Fascimile)

Kurt B. Arnold
State Bar No. 24036150
ARNOLD & ITKIN, L.L.P.
1401 McKinney, Suite 2550

Houston, Texas 77010
713-222-3800 (Telephone)
713-222-3850 (Fascimile)

**ATTORNEYS FOR PLAINTIFF**

/s/ *Neil C. Abramson*
Neil C. Abramson (Bar # 21436)
Nora B. Bilbro (Bar # 22955)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**ATTORNEYS FOR DEFENDANT,
KOCH INDUSTRIES, INC.**

/s/ *J. Fredrick Kessenich*
J. Fredrick Kessenich (Bar # 7354)
Daigle Fisse & Kessenich
Post Office Box 5350
Covington, Louisiana 70434-5350
Telephone: (985) 871-0800
Facsimile: (985) 871-0899

**ATTORNEY FOR DEFENDANT,
TESORO CORPORATION**

/s/ *Sarah E. Iiams*
Deborah D. Kuchler (Bar # 17013)
Monique M. Weiner (Bar # 23233)
Sarah E. Iiams (Bar # 22418)
Kuchler Polk Schell Weiner & Richeson, LLC
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile: (504) 592-0696

**ATTORNEYS FOR DEFENDANT,
CONOCOPHILLIPS PIPE LINE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participants. I further certify that I forwarded the foregoing document and the notice of electronic filing by facsimile to non-CM/ECF participants.

/s/ Neil C. Abramson